**DIANSHUN JIANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Peter Keisler,[1] Respondent.**

No. 07–0563–ag.

United States Court of Appeals, Second Circuit.

Sept. 27, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter Keisler has been substituted for former Attorney General Alberto Gonzales as the respondent in this case.

Dehai Zhang, Flushing, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Lisa Arnold, Senior Litigation Counsel, Daniel E. Goldman, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI, and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Petitioner Dianshun Jiang, a native and citizen of China, seeks review of a January 29, 2007 order of the BIA affirming the August 12, 2005 decision of Immigration Judge ("IJ") Adam Opaciuch denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Jiang*, No. A98–287–513 (B.I.A. Jan. 29, 2007), *aff'g* No. A98–287–513 (Immig. Ct. N.Y. City Aug. 12, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When—as in Jiang's case—the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, *i.e.,* "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews questions of law and the application of law to undisputed fact *de novo. Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). However, we review factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007).

As a preliminary matter, Jiang has waived any claim that his experience in China rose to the level of persecution. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 8 (2d Cir.2005). As such, we consider only whether the agency erred in finding that he has no well-founded fear of persecution on account of his religion. Moreover, because the BIA affirmed the decision of the IJ "on burden of proof grounds," assuming his credibility, we also

assume Jiang's credibility. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271–72 (2d Cir. 2005).

The IJ's finding that Jiang did not have a well-founded fear of future persecution was supported by substantial evidence. Contrary to Jiang's claims, the IJ clearly indicated that he considered the entire record, including the articles submitted by Jiang. After noting that the majority of the articles submitted by Jiang pertained to the Chinese government's treatment of religious activists, the IJ observed that Jiang "would in no way constitute a church activist" and that the record evidence indicates that government treatment of religious practice "var[ies] from place to place, with greater tolerance reported in the northeast, [and] some other parts of China."

Turning to Jiang's challenge to the IJ's finding that he could avoid persecution by relocating within China, Jiang failed to challenge to the BIA, and thus failed to exhaust his challenge to, that finding. *See Steevenez v. Gonzales,* 476 F.3d 114, 117 (2d Cir.2007) (finding that "[t]o preserve an issue for judicial review, a petitioner must first raise it with specificity before the BIA"). An alien's ability to relocate safely "constitutes a ground, in and of itself, on which an IJ's denial of [relief]" may be based. *Id.* at 117–18. For this reason alone, denial of Jiang's petition for review would be appropriate.

Jiang next argues that he is entitled to CAT relief because he will be "prosecuted" for his illegal departure and that such prosecution "should constitute persecution under the U.S. asylum law." This argument misstates his burden of proof for CAT relief, which requires Jiang to show that he would more likely than not be tortured if returned to China. *See* 8 C.F.R. §§ 1208.16(c), 1208.17; *Khouzam v. Ashcroft,* 361 F.3d 161, 168 (2d Cir.2004). To the extent that his argument can be construed as a request for asylum or withholding on the basis of his illegal departure, criminal prosecution and punishment for illegal departure do not constitute persecution in the absence of evidence that the authorities have a motive other than law enforcement for such prosecution. *See Matter of Sibrun,* 18 I. & N. Dec. 354, 359 (BIA 1983).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).